UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
**ANISSA PHIPPS,**

                     **Plaintiff,**           **MEMORANDUM**
                                           **AND ORDER**

      -against-                                           **16-cv-2472 (SJ)**

**RIVERTON STREET CHARTER SCHOOL**,
et al.,

                     **Defendants.**
------------------------------------------------------------x
**CAMILLE DOHERTY,**

                     **Plaintiff,**

      -against-                                           **16-cv-2594 (SJ)**

**RIVERTON STREET CHARTER SCHOOL**,
et al.,

                     **Defendants.**
------------------------------------------------------------x

**ROANNE L. MANN, UNITED STATES MAGISTRATE JUDGE:**

      When plaintiffs' counsel in the two above-captioned cases failed to appear as directed for the court-ordered settlement conference scheduled for May 22, 2017 at 1:15 p.m., this Court waited fifty minutes before commencing the proceeding without her; at that time, defense counsel advised that no further discovery had occurred since the thwarted settlement conference held on March 3, 2017, and that plaintiffs' counsel had ignored repeated emails from defense counsel, since early April, seeking to obtain discovery from plaintiffs. The Court therefore directed plaintiffs and their counsel to show cause, via ECF, by May 25, 2017,

why the cases should not be dismissed for lack of prosecution and/or sanctions imposed on plaintiffs' counsel, Hattie Ragone.  See Minute Entry (May 22, 2017), Electronic Case Filing Docket Entry ("DE") #20.[1]

Plaintiffs timely responded to that Order on May 25, 2017.[2]  The response does not provide good cause for plaintiffs' counsel's various derelictions.

First of all, Ms. Ragone's assertion that the aborted March 3rd settlement conference was her "first appearance" as counsel for plaintiffs,[3] see Pl. Response ¶ 6, is, to put it charitably, simply inaccurate.  In fact, Ms. Ragone appeared at the initial conference in Phipps, on September 8, 2016, and advised that she would be replacing plaintiffs' initial attorney, Chevone Toscano.  See Minute Entry (Sept. 8, 2017), DE #12.  That same day, she filed a Notice of Appearance in Phipps, DE #13 (inaccurately docketed as "Notice of Appearance by Chevone T. Toscano"), and, the following month, filed an Amended Complaint in Phipps, DE #14.  Meanwhile, by Electronic Order docketed in Doherty on October 5, 2016, Doherty was deemed related to Phipps and reassigned to Judge Johnson and the undersigned magistrate judge, and this Court consolidated discovery in the two cases and ruled that the schedule set in Phipps would apply in Doherty.  See Electronic Order (Oct. 5, 2016) in 16-cv-2594.  Therefore, contrary to Ms. Ragone's assertion that her first appearance in this combined litigation was on March 3, 2017, she began her involvement six months earlier, in September 2016.

---

1 Docket Entry numbers refer to those in the Phipps court file.
2 Inexplicably, plaintiffs' response ("Pl. Response") was docketed as a "First Motion to Dismiss for Lack of Prosecution" (DE #21) in the Phipps case (albeit bearing the Doherty docket number), and was not filed in Doherty.
3 Ms. Ragone's response incorrectly states that she appeared for a conference on March 2, 2017.  See Pl. Response ¶ 6.

Secondly, as justification for her nonappearance at last week's settlement conference, Ms. Ragone states that she "became incapacitated with an eye infection . . . that morning[,] . . . attempted to self-medicate[,] [and ended up seeking] treatment at an urgent care center local to my office." Pl. Response ¶¶ 8-10. While those circumstances may explain her nonappearance, they do not address -- let alone justify-- her failure to notify the Court and counsel (at least by phone) that she would be unable to appear as directed. As noted above, unaware of Ms. Ragone's situation, the Court and defense counsel waited a significant amount of time for her to appear.

Finally, Ms. Ragone concedes that she has "no excuse" for failing to respond to defense counsel's three emails, though she does fault her adversary for failing to be more specific in identifying the need for additional HIPAA authorizations, and for failing to move to compel. See id. ¶¶ 13-15. However, had Ms. Ragone promptly responded to the emails, her questions presumably would have been answered and the issue resolved.

Fact discovery closed on May 17, 2017, and plaintiffs apparently have taken no discovery. Because these cases involve infant plaintiffs, the Court will not at this time recommend dismissal for lack of prosecution. However, less severe sanctions are in order, specifically, monetary sanctions imposed on plaintiffs' counsel, in the form of fee-shifting for the aborted May 22nd settlement conference that defense counsel was constrained to attend. If defendants wish to recover from plaintiffs' counsel the fees incurred by them in connection with that proceeding, they shall file a fee request by June 2, 2017, specifying the amount of time expended and Mr. Lima's hourly rate.

Finally, the Court will tolerate no further delays in these cases or violations of court orders. The parties are directed to confer and, by June 2, 2017, to file a joint proposed schedule for expert discovery and requests for a pre-motion conference.

**SO ORDERED.**

**Dated: Brooklyn, New York**
     **May 30, 2017**

/s/     *Roanne L. Mann*
**ROANNE L. MANN**
**CHIEF UNITED STATES MAGISTRATE JUDGE**